IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANSRAJ JATHANNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1047 |
| | § | |
| SPRING BRANCH INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Hansraj Jathanna, was arrested after a traffic stop by a Spring Branch Independent School District (the "ISD") police officer. Jathanna filed this suit against the ISD, its Board of Trustees, the arresting officer, and the ISD Police Department, asserting claims under 42 U.S.C. § 1983 for excessive force, false arrest, and malicious prosecution. Jathanna also asserted claims for intentional infliction of emotional distress and negligence under the Texas Tort Claims Act ("TTCA"), TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 2005). The defendants filed a motion for partial dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that the Board and the Police Department are not separate legal entities capable of being sued and that the tort claims against the individual defendants must be dismissed under the Texas election of remedies statute. (Docket Entry No. 10). Jathanna responded, (Docket Entry No. 11), and the defendants replied, (Docket Entry No. 12).

Based on the pleadings, the motion and responses, the parties' submissions, and the applicable law, the motion to dismiss is granted. The reasons are set out below.

**I.    Background**

Jathanna alleged that in February 2011, while he was driving through a reduced-speed school zone, cars picking up children blocked his lane. Jathanna took advantage of a lack of traffic in the counterflow lane to pass the cars turning into the school. He then crossed back into the proper lane. Officer Collum of the ISD Police Department pulled Jathanna over. (Docket Entry No. 9, ¶¶ 10–20). Jathanna alleged that Officer Collum yelled at him and called him an "illegal alien." Officer Collum then said he was placing Jathanna under arrest. When Jathanna asked why he was being arrested, Officer Collum asked if he wanted to resist arrest. Jathanna alleged that Officer Collum then slammed him to the sidewalk, punched and kicked him, and then sat on him until other ISD police officers arrived. (*Id.*, ¶¶ 22–32).

The officers took Jathanna to the ISD police station, where he was put in a cell. Jathanna alleged that after he had been knocking on his cell door, asking to call his wife and demanding to know the charges against him, an unidentified police officers came into his cell, put him in a choke hold, pushed him to the ground, stood on him, and restrained his hands and feet with plastic ties. (*Id.*, ¶¶ 35–38). Jathanna alleged that the officers realized they had injured him and called an ambulance, but he refused treatment because "he did not know whom to trust at that point." (*Id.*, ¶¶ 39–40). Jathanna alleged that this incident caused lingering injuries to his hands because of how tightly the plastic ties were applied.

Jathanna was later transferred to the Harris County Jail, where he was brought before a magistrate on two misdemeanor offenses of interfering with public duties and resisting arrest. (*Id.*, ¶¶ 41–43). The charges were dismissed in May 2011. (*Id.*, ¶ 52).

Jathanna filed this suit in Texas state court. The defendants timely removed based on Jathanna's § 1983 claim. (Docket Entry No. 1). At a June 28, 2012 scheduling conference, this

2

court set a July 20, 2012 deadline for Jathanna to file an amended complaint. (Docket Entries No. 7–8). Jathanna did not file the amended complaint until July 30, 2012. (Docket Entry No. 9).

The amended complaint names the Board of Trustees and the Police Department in addition to the ISD. The defendants have moved to dismiss the § 1983 claims against the Board and the Police Department because neither is a legal entity separate from the ISD. (Docket Entry No. 10, at 5). The amended complaint also asserts a negligence claim "against Defendant Officers employed by Spring Branch ISD, Board of Trustees Spring Branch ISD and Spring Branch Independent School District Police Department," and an intentional infliction of emotional distress claim against Officer Collum "in his individual capacity" arising from the officer's acts and from false arrest and malicious prosecution by the "Defendants." (Docket Entry No. 9, ¶ 65, 68–69, 75). The defendants argue that it is unclear whether Jathanna meant to assert this claim against Officer Collum, the ISD, unidentified officers, or some combination of them. In any event, the defendants argue that Jathanna may not sue both a governmental entity and its individual employees for tort claims because Texas law required him to elect remedies. The defendants argue that because Jathanna alleged negligence by the ISD as well as the individual defendants, the claims against the individual officers must be dismissed. (Docket Entry No. 10, ¶¶ 9–15).

This court analyzes each of these arguments and Jathanna's response.

## II.  The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

3

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of cause of action will not do." *Id*. (quotation omitted).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (citation omitted)). A plaintiff should, however, be denied leave to amend a complaint if the court determines that the "proposed amendment . . . clearly is frivolous" or "advanc[es] a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2010); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

In deciding a motion to dismiss under Rule 12(b)(6), the court generally may not look beyond the pleadings. It may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also United States ex rel. Willard v.*

*Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("[T]he court may consider . . . matters of which judicial notice may be taken."). Documents a plaintiff attaches in a response to a motion to dismiss are also properly considered if referenced in the complaint and if their authenticity is undisputed. *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293–94 (5th Cir. 2008). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Taking judicial notice of public records directly relevant to the disputed issue is proper and does not transform the Rule 12(b)(6) motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). Apart from these categories of documents, if the court considers matters outside the pleadings, the court must convert the Rule 12(b)(6) motion to one for summary judgment. *Tuley v. Heyd*, 482 F.2d 590, 592 (5th Cir. 1973).

**III.   Analysis**

    **A.   The Claims Against the Police Department and the Board of Trustees**

The first issue is whether Jathanna can sue the ISD Police Department and the Board of Trustees. The capacity of an entity such as a police department to sue or to be sued is determined by the law of the state in which the district court is located. FED. R. CIV. P. 17(b); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) "In order for a plaintiff to sue a city department, it must enjoy a separate legal existence." *Darby*, 939 F.2d at 313 (quotation omitted). A police department is generally not a legal entity separate from the municipality it serves. *E.g.*, *Deveraux v. City of Denton*, 2012 WL 5878816, at *4 (E.D. Tex. Sept. 24, 2012); *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1013 (W.D. Tex. 2000); *see also New Caney Indep. Sch. Dist. Bd. of Trustees v. Burnham Autocountry, Inc.*, 960 S.W.2d 957, 958 (Tex. App.—Texarkana, 1998, no

pet.) ("School districts are local public corporations that have the same general character as municipal corporations." (citing *Love v. City of Dallas*, 40 S.W.2d 20, 26 (1931))). An exception exists if state law or the municipality's charter grants the police department the power to sue or be sued itself. *See Darby*, 939 F.2d at 313.

The defendants direct this court to the section of the ISD's publicly posted policy manual that addresses the creation, authority, and jurisdiction of its police department.[1] (Docket Entry No. 10, Ex. B, Safety Program/Risk Management: Security Personnel/Peace Officers). This section of the policy manual largely mirrors the Texas statute authorizing school districts to create their own police departments. *See* TEX. EDUC. CODE ANN. § 37.081 (West 2006). The policy manual section states that the "Board may employ security personnel and commission peace officers to carry out" law-enforcement functions. (Docket Entry No. 10, Ex. B, at 1). "The Board shall determine the jurisdiction of its commissioned peace officers. . . . The Board shall determine the scope of the on-duty and off-duty law enforcement activities of its peace officers . . . ." (*Id.*) "A District peace officer shall perform administrative and law enforcement duties as determined by the Board, which shall include protecting the safety and welfare of any person in the officer's jurisdiction and protecting property of the District." (*Id.*) Nothing in this policy manual or in the related provisions of the Texas Education Code indicates that the ISD's Police Department has a legal existence separate from the ISD. Jathanna may not sue the Police Department.

---

[1] This official policy is publicly available on the ISD's website, http://pol.tasb.org/Policy/Download/599?filename=CKE(LEGAL).pdf. This court may take judicial notice of these policies. *See, e.g.*, *Prison Legal News v. Livingston*, 2010 WL 1610109, at *6 n.4 (S.D. Tex. Apr. 21, 2010) ("The Court may take judicial notice of official . . . policies."); *In re Katrina Canal Breaches Consol. Lit.*, 533 F. Supp. 2d 615 (E.D. La. 2008) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites." (quotation omitted)). This court therefore may consider the policy in deciding the present motion without converting it to a motion for summary judgment.

Under Texas law, a school district's board of trustees may "sue and be sued" but only "in the name of the district." TEX. EDUC. CODE ANN. § 11.151(a) (West 2006). A suit against a board of trustees is effectively a suit against the school district. *See, e.g.*, *New Caney*, 960 S.W.2d at 959 ("In the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity."). Because the ISD Board of Trustees lacks the capability to be sued in its own right, and because Jathanna has also sued the ISD, the Board is entitled to be dismissed. Its continued presence in this suit is both redundant and improper.

Jathanna's arguments against these conclusions are not entirely clear. He appears to argue that additional discovery may reveal that the Board of Trustees, its members, the superintendent, or the Police Department or its chief, may have been the entities or individuals with decision making authority over the ISD police officers' practices and actions. He also appears to argue that dismissal should be denied because whether ISD police officers were acting under ISD policy is a fact issue, as is whether the officers were following the policy cited by the defendants as opposed to some other policy. (Docket Entry No. 11, at 4–6). Neither point is responsive to the defendants' arguments. The parties at issue lack the capacity to be sued in their own right. The policy-manual section the defendants cite shows that the Police Department was not endowed with a freestanding right to sue and be sued. The section does not address the ISA Police Department's specific law-enforcement practices.

The motion is granted as to the claims against the Board and the Police Department.

### B.     The Tort Claims

Texas law prohibits suing both a governmental entity and its employees for tort claims. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) ("[The TTCA] force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus

7

solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable[.]").

  The TTCA "Election of Remedies" section states:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.
>
> . . . .
>
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.
>
> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106.

  "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be "under [the Tort Claims Act]" for purposes of section 101.106. *Garcia*, 253 S.W.3d at 659 (alteration in original) (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622–23 (Tex. 1997)); *see also Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*,

257 S.W.3d 379, 400 (Tex. App.—Fort Worth 2008, no pet.) ("[W]e must assume that all of Cherry Hill's tort claims against the City — which we have held arise from the exercise of the City's governmental functions — are claims 'under' the Tort Claims Act for purposes of section 101.106, despite the fact that Cherry Hill did not invoke or refer to the Tort Claims Act in its pleadings and despite the fact that its tort claims against the City resulted in dismissal as a result of the City's governmental immunity." (citing *Newman*, 960 S.W.2d at 622)). "[W]hether a plaintiff sues a governmental employee in the employee's official or individual capacity is irrelevant under the applicable subsections of section 101.106." *Tex. Bay*, 257 S.W.3d at 399.

Jathanna's amended complaint does not clearly indicate which parties he is asserting tort claims against. Officer Collum is the only individual defendant named in the caption of this case. "Although the caption may serve as a guide, courts look to the body of the complaint to determine the parties." *Abecassis v. Wyatt*, — F. Supp. 2d —, —, 2012 WL 4664040, at *27 (S.D. Tex. Sept. 30, 2012) (citing *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir. 1964); *Deaville v. Capital One Bank*, 425 F.Supp.2d 744, 750 (W.D. La. 2006); *Tyrolf v. Veterans Admin.*, 82 F.R.D. 372, 375 (E.D. La. 1979)). The paragraphs of the complaint alleging intentional infliction of emotional distress clearly refer to Officer Collum's acts. But these paragraphs also refer to Jathanna's "being assaulted by 4 officers in the Spring Branch ISD jail," (Docket Entry No. 9, ¶ 69), and to "Defendants" (plural) falsely arresting and maliciously prosecuting him, (*id.*, ¶¶ 68–69). The negligence claim is leveled against "Defendant Officers employed by Spring Branch ISD, Board of Trustees Spring Branch ISD and Spring Branch Independent School District Police Department" who "under color of law, did negligently . . . make use of excessive force and/or make improper use of the restraints effectuating subduing Plaintiff while in custody." (*Id.*, ¶¶ 75, 77).

The tort claims clearly appear to be asserted against individual officers — Officer Collum as well as other officers not named — and against the ISD. The actions Jathanna complains of were taken by the officers in the course of their official duties. Under the election of remedies statute, the tort claims against all these individual defendants must be dismissed with prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e).

Jathanna's argument in response is again unclear. He appears to argue that the defendants have mischaracterized his complaint. He argues that he alleged constitutional violations arising from tortious conduct but did not assert tort claims against the officer, against unknown officers, against the Police Department, or against the ISD. (*See* Docket Entry No. 11, at 6). But Jathanna's complaint contains a claim labeled "Intentional Infliction of Emotional Distress" and another labeled "Negligence." (Docket Entry No. 9, at 13–14). These are plainly tort claims. Jathanna's response is either unpersuasive or is an abandonment of the tort claims against the individual officers. Either way, these claims must be dismissed.

This court notes that a school district is generally immune from tort liability except under circumstances not present here. *See Barr v. Bernhard*, 562 S.W.2d 844, 846 ("With respect to the liability of a school district . . . the Legislature provided for a more limited waiver of immunity. Section 19A [now § 101.051] of the [TTCA] states that a school district's liability is limited to causes of action arising from the use of motor vehicles."); *see also LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 618 (Tex. 1987); *Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905, 908 (S.D. Tex. 1991). The defendants indirectly addressed this issue by asking this court not to allow Jathanna to amend his complaint to assert tort claims against the ISD under § 101.106(f) if this court found that Jathanna had asserted tort claims against only individual defendants. The defendants did not

explicitly argue for dismissal based on governmental immunity if this court were to construe Jathanna's complaint as also alleging tort claims against the ISD.  (*See* Docket Entry No. 10, at 13–15).  Accordingly, this court does not decide here whether the ISD is immune from the alleged tort claims.

**IV.    Conclusion**

The defendants' motion for partial dismissal is granted.  The claims against the Board of Trustees and against the Police Department are dismissed with prejudice.  Jathanna's negligence and intentional infliction of emotional distress claims are dismissed with prejudice as to any individual defendants.

SIGNED on December 7, 2012, at Houston, Texas.

                                              Lee H. Rosenthal
                                              United States District Judge